THE PEOPLE, RESPONDENT, *v.* PILLOT, APPELLANT.

APPEAL from the District Court of Guayama.

No. 597.—Decided March 10, 1913.

APPEAL—EVIDENCE—STENOGRAPHER'S NOTES.—In view of the nature of this case, and it appearing that the testimony of the witnesses was not only certified to

by the stenographer, but was accepted by both parties and certified to by the trial judge himself, it was held that the court could consider it in the decision of the appeal.

EVIDENCE—PROBABLE CAUSE—TESTIMONY OF FISCAL.—In cases of this character it is not necessary for the *fiscal* to introduce all the evidence which he may have against the defendant. When the *fiscal* has introduced evidence which really tends to establish the guilt of the accused, then he may refer in general to the other evidence which he may have to offer, and it is not an error for a court to refuse to direct that the testimony of the *fiscal* given in this way be stricken out.

HABEAS CORPUS—PROBABLE CAUSE—GUILT OF PRISONER.—In *habeas corpus* proceedings brought to inquire into the cause for the imprisonment of a citizen, no inquiry will be made or decision rendered as to whether the prisoner is guilty of the crime with which he is charged, but its purpose is merely to ascertain whether there is any evidence to warrant his imprisonment as the presumptive author of the crime. The evidence taken in this case having been examined it was held that probable cause existed upon which to issue a commitment against the petitioner.

BAIL, EXCESSIVE—BASES FOR FIXING BAIL.—Excessive bail should not be required and the court should take into account, in determining the amount thereof, the conditions and resources of the prisoner, his state of poverty, the nature of the crime, the probabilities of his guilt, his sex, rank and relation.

ID.—REDUCTION OF BAIL.—This court may reduce excessive bail in *habeas corpus* proceedings.

ID.—REDUCTION OF BAIL.—In view of the nature of this case and the financial situation of the petitioner, it was held that the $8,000 bail required was excessive and that the petitioner might again appear before the district court and move for the reduction of the bail, which court should proceed in accordance with the principles established in this opinion.

The facts are stated in the opinion.

*Mr. Frank Martínez,* acting *fiscal,* for The People.

*Mr. C. Domínguez Rubio* for the petitioner.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On February 18, 1913, Diego Pillot presented a petition for a writ of *habeas corpus* to the judge of the District Court of Guayama alleging that he was unlawfully restrained of his liberty by being imprisoned without reasonable or probable cause.

The writ having been issued, the keeper of the jail appeared in court with the petitioner on February 19, 1913, and returned that the petitioner was in his custody by virtue of a writ issued by the justice of the peace. The writ had not been objected to by the petitioner. As stated, the ground

upon which he based his petition was that he was restrained of his liberty without just cause.

At the hearing the *fiscal* and the keeper of the jail testified and the court, in view of the circumstances of the case, decided that the petitioner was not entitled to his release and ordered that he be remanded and continue in jail until lawfully released, fixing bail for his provisional release at ?,000.

From that decision, rendered on said February 19, this appeal was taken and the hearing thereon was held on March 4 of the present year.

The original records were sent up and among them are the testimony of the witnesses as taken down and transcribed by the stenographer. The *fiscal* of this court alleges that that is not the proper manner of submitting to this court the evidence taken in the court below. Perhaps the *fiscal* is right, but in view of the nature of the case and as it appears that said evidence is not only certified to by the stenographer as correct but was accepted by both parties and certified to by the trial judge, we believe that we should review the same and take it into consideration for the purpose of deciding this appeal.

Three errors are assigned by the appellant:

1. That the court erred in not striking out the testimony of the district *fiscal*.

2. That it also erred in holding that the testimony was sufficient for the purpose of issuing a commitment against the petitioner; and

3. That the bail is excessive.

The record shows that at the time of the hearing of the application in the court below the district *fiscal* had not filed an information against the petitioner. The petitioner was arrested on a warrant issued by the justice of the peace on February 17, 1913, to answer the charge made against him of having bribed several members of the jury in the case of *The People* v. *Amy* by paying them money in order to in-

fluence the verdict to be rendered by said jurors and said charge was being investigated by the district *fiscal*.

At the hearing on the petition for the writ of *habeas corpus* in the court below the *fiscal* introduced as evidence the testimony given in his presence and under oath by the witness Pedro Desús, said testimony being signed by the witness himself. That testimony reads in part as follows:

"On the same day that the witness arrived from Coamo Springs Diego Pillot had a conversation with him, and upon being asked by the witness if it was true that the jurors had sold themselves, Pillot answered that it was true, that they took the money and divided it up among themselves."

After this the *fiscal* testified as follows:

"I have in my possession the testimony of witnesses who deserve my entire credence; witnesses, as I have said before, who merit consideration and respect, with regard to the delivery by one of the witnesses to the defendant, Diego Pillot, of the sum of $600; I have in my possession testimony corroborating the admission made by Diego Pillot to Desús and other admissions made by the same Diego Pillot in the presence of other witnesses; I have also in my possession testimony tending to prove the bribing by Pillot of five more of the jurors who tried the case of *The People* v. *Amy* for murder in the second degree; I have other testimony with regard to all the circumstances attending the bribery. I positively state under oath that I have in my possession said evidence, all of which corroborates the testimony given by Pedro Desús."

Counsel for the defendant moved that the testimony of the *fiscal* be stricken out on the ground that it was secondary evidence; that the written testimony of the witnesses being the direct evidence it should be introduced. The judge then asked the *fiscal* if any of the witnesses had testified positively that they had seen the actual delivery of the money, to which the *fiscal* answered affirmatively. The judge overruled the motion to strike out the testimony of the *fiscal,* and counsel for the petitioner took an exception.

Said counsel continued examining the *fiscal,* who said:

"I have no objection to giving the name of the witness; it is Juan Paraviccini, who testified under oath that he delivered $600 to Pillot, and here is his testimony."

Counsel then said:

"I object to the introduction of his testimony; I simply wanted to know the name of the witness."

Taking into consideration everything in connection with the testimony of the *fiscal,* the conclusion cannot possibly be reached that the court committed any fundamental error in refusing to order said testimony to be stricken from the record. Owing to the nature of this case, the *fiscal* was competent to testify as he did. The end in view was to ascertain whether there was any lawful ground for the commitment of the defendant. The *fiscal,* who is the official charged with prosecuting crimes, introduced as evidence written testimony given before him under oath by a witness, which testimony tended to prove the guilt of the prisoner, and he afterwards testified that he had more evidence to prove the guilt of said prisoner. But even though the conclusion should be reached that the court theoretically committed the error attributed to it, the conclusion would follow that said error was corrected by the *fiscal's* offering later the written testimony of the witness Paraviccini and its admission being objected to by counsel for the petitioner.

Let us now see whether the detention of the defendant is illegal, as alleged in the petition.

In our Island not only is it forbidden to convict a person unless there is proof against him beyond all reasonable doubt, but also a person may not be imprisoned without just cause.

In *habeas corpus* proceedings instituted to investigate the cause of the detention of a citizen the question to be proven or decided is not whether the defendant is guilty or not

guilty of the crime with which he is charged, but simply whether or not there exists an element of proof to justify his detention as the presumptive author of the crime with which he is charged.

Upon a review of the evidence taken in this case, which has been referred to heretofore, the conclusion necessarily follows that there was a lawful reason to justify the commitment of the petitioner, and, therefore, that the said petitioner is not deprived of his liberty unlawfully.

Let us now examine the question of bail. The crime with which the petitioner was charged is serious. The bribery of a jury; the offering and giving of money to men who have taken an oath to try one of their fellow citizens according to the evidence and the law to induce them to violate that oath; to corrupt thereby the administration of justice is to commit one of the most serious and lamentable acts which can be committed.

Nevertheless, the bail fixed by the judge appears at first sight to be excessive if we consider the defendant's statement, which statement was not disproved by the *fiscal,* that he was not a man of means.

It is a well-established principle of law that excessive bail should not be required because that would be equivalent to impeding the enforcement of the law which permits the provisional freedom of defendants except in certain specified cases.

"It is a constitutional guaranty that excessive bail shall not be required. Bail must not, however, be in a prohibitory amount, for, if so, it is substantially a denial of bail within the constitutional provision, and the circumstances and ability of the prisoner or his poverty may be considered in connection with the atrocity of the offense, or turpitude of the crime and the punishment involved. In addition it has been declared that the court, in fixing the amount of bail, will consider the nature of the offense charged, and on the whole case the probabilities of conviction, the sex, rank and relations of the accused, so far as they have a bearing on the proba-

bilities of his appearing for trial. Again, bail should not be clearly disproportionate to the offense charged, nor the amount thereof unreasonably large." 5 Cyc., 90, and cases cited.

In consideration of all the foregoing, this court might reduce the amount of the bail exacted (*United States* v. *Brawner*, 7 Fed. Rep., 86), but we think it would be better for the petitioner to take the matter to the district court again and there give his reasons why the bail should be reduced. Having a better knowledge of the matter and in view of the information which the *fiscal* and the petitioner may furnish it, the district court will be better situated than we are to adjust the amount of the bail, fixing a sum which will be in keeping with the principle that excessive bail should not be required and in harmony with the high ends of justice, which is to punish the parties really guilty of public crimes.

The appeal will be dismissed and the judgment appealed from affirmed as indicated.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary and Aldrey concurred.

Mr. Justice Wolf signed stating that he concurred in the judgment.